UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENESCO, LLC, | Civil Action No.: |
| Plaintiff, | COMPLAINT |
| v. | |
| UPTOWN TOYS LLC, | |
| Defendant. | |

Plaintiff Enesco, LLC ("Plaintiff" or "Enesco"), through its undersigned counsel, complains and alleges against defendant Uptown Toys LLC ("Defendant") as follows:

## INTRODUCTION

1. For more than a century, Plaintiff's Gund division has been the preeminent manufacturer and retailer of plush toys in the United States and around the world. Beloved by children and parents alike, Gund's teddy bears and other plush toys are recognized as the industry standard.

2. Among Gund's most popular toys is its "Philbin"-style plush teddy bear ("Philbin Bear"):



Philbin Bear

3. A staple of its plush toy collection since at least 2010, Plaintiff has earned substantial sales of the Philbin Bear, which has become a beloved plaything of and companion to children in this judicial district and throughout the United States.

4. In recognition of its exclusive rights, Plaintiff has secured three United States copyright registrations covering the appearance of the Philbin Bear.

5. Long after Plaintiff introduced its Philbin Bear to consumers, the Defendant, who has no affiliation with Plaintiff, produced, imported, distributed, marketed, promoted, sold, and/or offered for sale a plush teddy bear toy with features virtually indistinguishable from the Philbin Bear (the "Infringing Product").

6. The Infringing Product violates Plaintiff's exclusive copyrights in the Philbin Bear. Accordingly, Enesco brings this action for copyright infringement in violation of 17 U.S.C. § 101, *et seq*.

7. In this Complaint, Enesco seeks injunctive relief and damages arising from Defendant's deliberate infringement of Plaintiff's rights.

8. Defendant's conduct has irreparably harmed Enesco, and, unless enjoined, will continue to injure both Enesco and the public.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the copyright laws of the United States.

10. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant sold, offered for sale, distributed, and/or shipped the Infringing Product to retailers and consumers throughout the United States and in this judicial district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3).

## THE PARTIES

12. Enesco is a limited liability company organized under the laws of the State of Delaware, with a principal place of business of 225 Windsor Drive, Itasca, Illinois 60143.

13. For more than a century, Plaintiff's Gund division has been a famous, industry-leading producer, designer, and marketer of plush toys, blankets, and accessories. Gund's products are displayed, promoted, sold, and offered for sale throughout the United States, including in this judicial district, and around the world.

14. Gund's principal place of business is located at One Runyons Lane, Edison, New Jersey 08817.

15. On information and belief, Defendant is a limited liability company organized under the laws of Delaware, with a principal place of business of 18 South Main Street, Kaysville, UT 84037.

16. On information and belief, Defendant maintains an interactive website at the domain name uptowntoys.com, which is accessible in this judicial district and throughout the world, and through which Defendant displays, promotes, markets, advertises, and sells products direct to consumers.

17. On further information and belief, Defendant has fulfilled orders for the Infringing Product sold through third-party retailers, including, without limitation, Amazon.com.

18. On information and belief, Defendant has promoted, advertised, marketed, sold, offered for sale, and/or shipped the Infringing Product to consumers in this judicial district.

## FACTUAL BACKGROUND

19. For more than a century, Plaintiff's Gund division has created innovative, high quality, and beloved plush products.

20. Among the products designed and marketed by Plaintiff is its Philbin Bear, a seated plush teddy bear.

21. Introduced in 2010, the Philbin Bear has become one of Enesco's best loved and best-selling products. Since 2011, Enesco has registered worldwide sales in excess of $3.3 million of the Philbin Bear.

22. On May 6, 2011, the United States Copyright Office duly and lawfully issued to Plaintiff Copyright Registration No. TX 7-357-998 entitled "2010 January Gund/Core/Baby/Kids Catalog." Plaintiff's copyrighted catalog prominently features images and descriptions of the Philbin Bear. A true and correct copy of Registration No. TX 7-357-998 is attached as Exhibit A.

23. On April 3, 2015, the United States Copyright Office duly and lawfully issued to Plaintiff Copyright Registration No. TX 8-028-904 entitled "GUND August 2011 Catalog." Plaintiff's copyrighted catalog prominently features images and descriptions of the Philbin Bear. A true and correct copy of the Registration No. TX 8-028-904 is attached as Exhibit B.[1] A copy of the Philbin Bear as pictured in the August 2011 Catalog is attached as Exhibit C.

24. On October 13, 2016, the United States Copyright Office duly and lawfully issued to Plaintiff Copyright Registration No. VA 2-019-926, entitled "Philbin Bear Chocolate" (the "Philbin Bear Copyright"). A true and correct copy of the Philbin Bear Copyright is attached as Exhibit D.

25. On information and belief, long after Plaintiff's introduction of its Philbin Bear to consumers in 2010, Defendant created, and subsequently began to reproduce, distribute, sell, and offer for sale the Infringing Product.

---

1 Plaintiff's U.S. Copyright Reg. Nos. TX 7-357-998 and TX 8-028-904 are referred to collectively as the "Philbin Catalog Copyrights."

26. Even a cursory review of both toys reveal that the Infringing Product is virtually identical to Plaintiff's copyright-protected Philbin Bear:



Enesco's Philbin Bear    Defendant's Infringing Product

27. Both the Philbin Bear and the Infringing Product have tufted chocolate brown fur. Both have caramel-colored faces and bottom paws. In addition, the Infringing Product and Philbin Bear both have oval shaped heads with rounded ears protruding from the top. Both bears' snouts are topped by an oval brown furry nose, and a line bisecting their snouts runs along the underside of both bears' faces. Finally, both bears' bottom paws are marked with raised chocolate brown pads at the heel and three smaller raised chocolate brown pads at the toe, and both bears' top paws are covered in fur and are lacking pads or other adornment.

28. The Infringing Product's individual features and its overall configuration render Defendant's toy substantially similar to Plaintiff's copyright-protected Philbin Bear.

29. On information and belief, Defendant had knowledge of and access to the Philbin Bear prior to designing, creating, manufacturing, sourcing, and/or importing the Infringing Product.

30. On further information and belief, Defendant knowingly and willfully designed the Infringing Product (or directed the Infringing Product to be designed) to be substantially similar to the Philbin Bear.

31. Alternatively, on further information and belief, Defendant knowingly and willfully sourced, imported, and/or otherwise acquired the Infringing Product due to its substantial similarity to the Philbin Bear.

32. Accordingly, Defendant's development, reproduction, importation, distribution, advertising, marketing, sale, and offering for sale of the Infringing Products infringes upon Plaintiff's valuable, exclusive copyrights.

33. On information and belief, Defendant promoted, advertised, marketed, sold, offered for sale, and shipped the Infringing Product to consumers in this judicial district long after one or more of the Philbin Catalog and/or Philbin Bear Copyrights were issued.

34. On information and belief, Defendant sold the Infringing Product via its website accessible at uptowntoys.com. On further information and belief, Defendant fulfilled orders for the Infringing Product sold via one or more platforms operated by third-party retailers, including, without limitation, Amazon.com.

35. On August 29, 2016, Plaintiff's counsel sent a letter to the office of Defendant's president, notifying Defendant of Plaintiff's valuable and exclusive rights in the Philbin Bear, and alerting Defendant that its sale, production, distribution, and promotion of the Infringing Product constitutes Copyright Infringement. Plaintiff's letter further requested that Defendant confirm that it would agree to cease promoting, displaying, distributing, offering for sale, and selling the Infringing Product no later than September 12, 2016. A copy of Plaintiff's August 29 letter is attached as Exhibit E.

36. On September 12, 2016, Plaintiff's counsel received a response to its August 29 letter from the Defendant's CEO, Avais Ahmed, dismissing Plaintiff's assertions, refusing to acknowledge Plaintiff's rights in the Philbin Bear, and rejecting Plaintiff's requests, including its request that Defendant cease selling and distributing the Infringing Product. A copy of Defendant's September 12 letter is attached as Exhibit F.

37. Consumers encountering both Plaintiff's Philbin Bear and the Infringing Product are likely to discern a substantial similarity between the Philbin Bear and the Infringing Product.

38. Defendant's acts have caused and will continue to cause Plaintiff to suffer irreparable injury to its business. Plaintiff has suffered and will continue to suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from infringing Enesco's valuable rights.

## COUNT I

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501

39. Plaintiff repeats and realleges paragraphs 1 through 38 of its Complaint as if fully set forth herein.

40. The Philbin Catalog Copyrights and Philbin Bear Copyright are valid, subsisting, and in full force and effect.

41. Plaintiff has not licensed or otherwise granted permission to Defendant to use, reproduce, display, and/or create derivative works of the design of the Philbin Bear, as protected by the Philbin Catalog Copyrights and/or Philbin Bear Copyright.

42. Without Plaintiff's permission, but with actual and constructive knowledge of Enesco's rights in the Philbin Bear, Defendant improperly and unlawfully copied, reproduced,

created derivative works of, adapted, displayed, marketed, sold, and/or distributed the Infringing Product, in violation of Plaintiff's Philbin Catalog and Philbin Bear Copyrights.

43. Accordingly, Defendant infringed the Philbin Catalog and Philbin Bear Copyrights with knowledge of and/or reckless disregard for Plaintiff's rights, as Defendant knew or should have known that their actions constituted infringement of Plaintiff's rights.

44. Moreover, Defendant's outright rejection of Plaintiff's rights in its September 12 letter at a minimum strongly suggests that Defendant intends to continue copying, reproducing, creating additional derivative works of, adapting, displaying, marketing, selling, and/or distributing the Infringing Product, in willful violation of Plaintiff's exclusive rights.

45. As a direct and proximate result of such infringement, Defendant has derived and received gains, profits, and advantages in an amount yet to be determined.

46. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to Defendant's infringing acts.

47. Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to elect to recover an award of statutory damages in an amount up to $150,000 as a result of Defendant's willful creation, sourcing, reproduction, distribution, and sale of derivative works infringing upon Plaintiff's rights as set forth in the Philbin Catalog Copyrights. Moreover, Plaintiff is entitled to statutory damages in an amount up to $150,000 as a result of Defendant's knowing, willful, and intentional reproduction, distribution, display, and sale of the Infringing Product after the issuance of the Philbin Bear Copyright.

48. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action, including reasonable attorneys' fees.

49. Due to Defendant's infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

50. Unless enjoined by this Court, Defendant's infringement is likely to continue unabated, causing further irreparable injury to Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Enesco, LLC prays for entry of:

1) A **FINAL JUDGMENT** that Defendant has willfully infringed Plaintiff's Philbin Catalog and Philbin Bear Copyrights in violation of 17 U.S.C. §§ 106 and 501;

2) an **ORDER** enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily and permanently, from designing, importing, distributing, promoting, displaying, offering for sale, and selling the Infringing Product;

3) An **ORDER** enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily and permanently, from infringing the Philbin Catalog and/or Philbin Bear Copyrights.

4) A further **ORDER**

    (a) requiring Defendant to account for all gains, profits, and advantages derived and accrued as a result of its infringement of the Philbin Catalog and Philbin Bear Copyrights;

    (b) assessing to Plaintiff an award of its actual damages, trebled, as well as all profits Defendant derived from infringing the Philbin Bear and Philbin Catalog Copyrights;

(c) assessing to Plaintiff an award of statutory damages in the amount of $150,000 due to Defendant's willful infringement of the Philbin Catalog and Bear Copyrights;

(d) awarding to Plaintiff its attorneys' fees, expenses, and costs incurred in connection with this action as provided by 17 U.S.C. § 505; and

(e) assessing such other and further relief as the Court may deem just and proper.

Dated: November 10, 2016                GOTTLIEB, RACKMAN & REISMAN, P.C.

                                        By: *[signature]*
                                        Marc P. Misthal, Esq.
                                        mmisthal@grr.com
                                        George Gottlieb, Esq.
                                        ggottlieb@grr.com
                                        Jonathan A. Malki, Esq.
                                        jmalki@grr.com
                                        270 Madison Avenue
                                        New York, New York 10016
                                        (212) 684-3900 (tel)
                                        (212) 684-3999 (fax)

                                        *Attorneys for Plaintiff Enesco, LLC.*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Enesco demands a trial by jury on all facts so triable.

Dated: November 10, 2016          GOTTLIEB, RACKMAN & REISMAN, P.C.

By: *[signature: Marc P. Misthal]*
Marc P. Misthal, Esq.
mmisthal@grr.com
George Gottlieb, Esq.
ggottlieb@grr.com
Jonathan A. Malki, Esq.
jmalki@grr.com
270 Madison Avenue
New York, New York 10016
(212) 684-3900 (tel)
(212) 684-3999 (fax)

*Attorneys for Plaintiff Enesco, LLC*